[Civ. No. 4668.   Fourth Dist.   Apr. 29, 1954.]

HAROLD R. PETERSEN, Respondent, v. M. FRIIS-HANSEN et al., Appellants.

L. Kenneth Say for Appellants.

Martin C. Thuesen for Respondent.

BARNARD, P. J.—This is an action to recover for services alleged to have been rendered to the defendants. The parties entered into some kind of oral agreement under which the plaintiff became manager of a motel and restaurant owned by the defendants as copartners, and acted in that capacity from December 1, 1950, to March 10, 1952.

In a first cause of action the plaintiff alleged that he rendered such services at the request of the defendants; that the defendants promised to pay him for said services a salary of $600 per month or one-half of the gross profits of the business, whichever was the greater; that the gross profits for the time in question were less than $600 a month; that by reason of their oral agreement he was entitled to $600 a month for that period; and that the entire amount of $9,200 remains unpaid. A second cause of action was based on a common count for labor and services of the reasonable value of $9,200. By their answer and cross-complaint the defendants claimed that these services were rendered pursuant to an oral agreement providing that the parties should operate this business as a joint venture, with the net profits to be equally divided between them; that the plaintiff withdrew from the joint venture on March 10, 1952; that the joint venture lost about $33,000; and that the plaintiff should be required to pay his share of that loss.

A jury brought in a verdict in favor of the plaintiff for $9,200, and found against the defendants on their cross-complaint. The defendants' motion for a new trial was denied, and they have appealed from a judgment entered in accordance with the verdict.

It is first contended that since the action was one to recover salary only, and was not based "on any contract, oral or otherwise," proper deductions should have been made for "unemployment insurance and old age security"; and that no consideration was given to the fact that the plaintiff and his wife had board and lodging during the period in question. It is not true that plaintiff's claim was not based upon a contract. Both parties alleged that these services were per-

formed pursuant to an oral contract, the testimony on both sides was to the same effect, and the jury apparently accepted the plaintiff's testimony as to the terms of that contract. The matter of deductions for unemployment insurance and old age security, and the fact that board and lodging had been furnished, were not pleaded as an offset, and no evidence was received or offered which would have sustained an allowance for such a claim. There was no evidence that the defendants had made any such insurance or security payments. There was evidence that the plaintiff's wife also worked throughout this period, and the evidence would indicate that it was intended that both should receive board and lodging. In any event, on the record before us, the evidence is sufficient to sustain the verdict and judgment.

It is further contended that the court erred in giving three instructions. The first two told the jury that if it was not convinced that the parties had entered into an agreement as alleged in the first cause of action, it should then determine whether or not the plaintiff was entitled to recover on the second cause of action. The third instruction merely told the jury that in the event it found that there was a specific agreement of the kind referred to in the first cause of action this would eliminate and prevent any consideration of the second cause of action, based on the reasonable value of the services. It is argued that these instructions could only have confused the jury since they implied that the plaintiff was not basing his claim solely on the fact that he was an employee of the defendants. There is no merit to this contention and we find neither error nor prejudice in these instructions. In effect, they told the jury that recovery could be had on one of the causes of action only, and that if it found in favor of the plaintiff on the first cause of action no consideration should be given to the other.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.